CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROCKY EUGENE WILLIAMS, | ) | CASE NO. 7:19CV00024 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DUFFEILD REGIONAL JAIL AND CO'S, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | Senior United States District Judge |

Rocky Eugene Williams, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the regional jail in Duffield, Virginia. In the complaint and a recent amendment, Williams complains that he has been assaulted by other inmates on two occasions, that he received an unsupported theft infraction which resulted in segregated confinement, and that he witnessed officers "orchestrate" an inmate assault on someone else. After review of the complaint and attachments, the court concludes that Williams' claims against the defendants he has named are legally frivolous and must be summarily dismissed.

The court is required to dismiss a complaint filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only defendants that Williams names to his § 1983 claims are the jail itself and its "CO's," or correctional officers, as a group. The jail building, however, is not

a "person" subject to suit under § 1983. Similarly, the officers as a group do not qualify as a "person" that can be sued in a § 1983 action. It is well established that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of respondeat superior has no application under this section." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation, alteration, and internal quotation marks omitted). Because Williams' § 1983 complaint does not state any viable § 1983 claims against the only defendants he has named, the court will summarily dismiss the case without prejudice under 28 U.S.C. § 1915A(b)(1) as legally frivolous.[1] An appropriate order will enter this day. Dismissal without prejudice leaves Williams free to refile his § 1983 claims about the alleged events at the jail, provided that he corrects the noted deficiencies.

The clerk will send a copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER:** This 10th day of April, 2019.

                                                                               /s/ Jon Conrad
                                                       Senior United States District Judge

---

[1] In any event, Williams' current allegations do not state actionable § 1983 claims. For a claim that jail officials failed to protect an inmate from harm, constitutional "liability requires consciousness of a risk." Farmer v. Brennan, 511 U.S. 825, 840 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Williams does not state facts showing that any jail official knew before the other inmates assaulted him that he was in danger of such harm. Inmates also have no protected liberty interest in being housed temporarily in segregated confinement. See Sandin v. Conner, 515 U.S. 472, 486 (1995) (temporary disciplinary segregation did not implicate inmate's constitutional rights). Finally, Williams cannot raise § 1983 claims on behalf of anyone other than himself. See Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977) (to state a § 1983 claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right secured by the Constitution or federal law).